**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 2:07-cv-225-FTM-34SPC |
| | : | |
| JOHN I. WARD, III, | : | |
| | : | |
| Respondent. | : | |
| _____/ | | |

**REPORT AND RECOMMENDATION**

The United States petitions the Court seeking enforcement of two Internal Revenue Service administrative summonses issued to aid in the collection of Respondent's tax liability for the year 1999 and in the determination of Respondent's tax liabilities for the years 2000 through 2005. In response to this Court's[1] Order to Show Cause why he should not be compelled to comply with the summonses, Respondent asserted that the summonses violated the Fourth Amendment and that he was not in the class of persons subject to summons authority under the Internal Revenue Code. Respondent reiterated these arguments at the show cause hearing on May 7, 2007.

To obtain judicial enforcement of an Internal Revenue Service summons, the United States must show: (1) the summons was issued for a proper purpose, (2) the material sought is relevant to that purpose, (3) the information sought is not already within the Commissioner's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. United States

---

[1] This action was referred to the undersigned pursuant to Local Rule 6.01(c)(11).

v. Powell, 379 U.S. 48, 57-58 (1964); LaMura v. United States, 765 F.2d 974, 979 (11th Cir. 1985). The United States can satisfy the Powell requirements simply by presenting a sworn affidavit of the agent who issued the summons attesting to these facts. LaMura v. United States, 765 F.2d at 979. Once the United States makes this showing, the burden shifts to the party contesting the summons to either disprove at least one of the Powell requirements or convince the Court that the judicial enforcement would constitute an abuse of the Court's process. LaMura v. United States, 765 F.2d at 979. At all events, the burden on the party contesting the summons is a heavy one which requires allegations of specific facts and the introduction of evidence. United States v. Leventhal, 961 F.2d 936, 940 (11th Cir. 1992).

The United States has satisfied the Powell requirements, and Respondent has raised no valid defense to enforcement of the summonses. A summons which complies with the Powell requirements, as do the two summonses at issue here, satisfies the Fourth Amendment. United States v. McAnlis, 721 F.2d 334, 337 (11th Cir. 1983). Further, although Respondent claims he is not within the classes of persons subject to summons authority under the Internal Revenue Code, the Internal Revenue Service, in summoning Respondent, was fulfilling its statutory duty to enquire with respect to persons who may be liable for the payment of taxes. United States v. McAnlis, 721 F.2d at 336-337. In sum, Respondent has not refuted the United States' factual or legal arguments and has not convinced this Court that enforcement of the summonses would constitute an abuse of the Court's process.

Accordingly, it is

**RESPECTFULLY RECOMMENDED**:

1.	The United States' Petition to Enforce Internal Revenue Service Summonses be **GRANTED**.

2.	The Respondent be directed to appear before Revenue Officer W. Smith, or his designee, on **June 27, 2007, at 10:30 a.m.**, at 2891 Center Pointe Drive, Suite 100, Fort Myers, Florida, and at that time fully comply with the terms, provisions, and commands of the summonses previously served on him, copies of which are attached as Exhibits 2 and 3 to the Petition.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

**Respectfully Recommended** at Fort Myers, Florida, on this __8th__, day of May, 2007.

*(signature)*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

c:	All Parties of Record
	Patricia A. Willing, AUSA